# IN THE COURT OF APPEALS OF IOWA

No. 23-1900
Filed November 13, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**COLE MICHAEL JOHNSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Laura Parrish, Judge.

Cole Michael Johnson appeals his convictions after pleading guilty to four charges. **APPEAL DISMISSED.**

Gregory F. Greiner of Assistant Public Defender-Wrongful Conviction Unit, Des Moines, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., Langholz, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

Cole Michael Johnson appeals his convictions after pleading guilty to an aggravated misdemeanor charge of first-degree harassment and class "D" felony charges of willful injury causing bodily injury, second-degree criminal mischief, and assault on persons in certain occupations with a dangerous weapon.[1]  Johnson challenges the knowing and voluntary nature of his pleas, claiming that the plea proceedings were defective because the district court never engaged him in a personal colloquy for the assault charge, a forcible felony.  *Cf.* Iowa R. Crim. P. 2.8(4) (allowing a defendant to waive the personal colloquy if pleading guilty to an aggravated misdemeanor or nonforcible class "D" felony).  He also claims the court failed to adequately apprise him on the habitual offender enhancements. *See State v. Harrington*, 893 N.W.2d 36, 45–46 (Iowa 2017) (requiring that the court engage in a colloquy before accepting habitual offender stipulations).

Because Johnson did not plead guilty to a class "A" felony, he must show good cause to appeal.  *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2023).  Good cause requires the defendant to show "a legally sufficient reason to appeal," meaning "a reason that would allow a court to provide some relief."  *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).  The State contends that Johnson is precluded from challenging defects in the plea proceeding on appeal because he never did so by motion in arrest of judgment.  *See* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on

---

[1] The felony charges included habitual offender enhancements.

appeal."). Johnson responds that he falls under an exception to rule 2.24(3)(a)(2) because the court never told him that he was required to file a motion in arrest of judgment or failing to do so would preclude him from challenging his pleas on appeal. *See* Iowa R. Crim. P. 2.8(2)(d) (requiring that the court inform the defendant that a motion in arrest of judgment is necessary to challenge defects in a guilty plea); *State v. Hightower*, 8 N.W.3d 527, 535 (Iowa 2024) (stating that rule 2.24(3)(a) will not prevent a defendant from challenging a guilty plea on appeal when the court fails to advise a defendant as required under rule 2.8(2)(d) "*that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal*" (citation omitted)).

Johnson signed a written guilty plea and waiver of rights. He checked and initialed the following paragraphs of the document, which set out the timeline for filing a motion in arrest of judgment and the necessity of such motion to challenge defects in the plea proceeding:

> 25. I understand that if I wish to challenge this plea of guilty, I must do so by filing a Motion in Arrest of Judgment at least five (5) days prior to the Court imposing sentence, but no more than 45 days from today's date. *I understand that by asking the Court to impose sentence immediately that I waive my right to challenge the plea of guilty which I have hereby entered*.
>
> 26. I understand that I have the right to the preparation of a pre-sentence investigation report for a felony offense that is not a class A felony and a delay of at least 15 days between the date this plea is entered and the date of sentencing. *I understand that if I am sentenced immediately, I lose my right to challenge any defect in this plea or plea proceeding by motion in arrest of judgment and appeal to a higher court*, as well as my right to have a judge rely on a presentence investigation report. Knowing the above, I ask the court to sentence me immediately.

(Emphasis added.)

The written plea form adequately informed Johnson of the consequences of waiving his right to file a motion in arrest of judgment by requesting immediate sentencing. *Cf. Hightower*, 8 N.W.3d at 536 (holding that identical language in a plea advisory did not adequately inform a defendant of the need to file a motion in arrest of judgment, "unlike defendants who request and receive immediate sentencing").[2] Because Johnson was adequately advised of the requirement of filing a motion in arrest of judgment and waived this right to do so, he has not established good cause to pursue his appeal as a matter of right under section 814.6. *See Treptow*, 960 N.W.2d at 109–10. Without good cause, we have no jurisdiction over the appeal and must dismiss it. *See State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023).

**APPEAL DISMISSED.**

---

[2] This court has held that it is precluded from providing relief to defendants who have waived their right to file a motion in arrest of judgment after entering written guilty pleas that included advisories like the one in the form Johnson signed. *See, e.g.*, *State v. Goode*, No. 24-0080, 2025 WL 1066423, at *1 & n.2 (Iowa Ct. App. Apr. 9, 2025) (finding the defendant's written guilty plea, which asked for immediate sentencing and waived his right to file a motion in arrest of judgment, prevented this court from providing relief on his claim the plea was involuntary); *State v. Evans*, No. 23-0558, 2024 WL 4039571, at *1 & n.1 (Iowa Ct. App. Sep. 4, 2024) (finding a written plea form with similar language waiving the defendant's right to file a motion in arrest of judgment for immediate sentencing precluded appellate relief).